♦Spencer, Ch. J.,
delivered the opinion of the court.
If the sale of the negro man by the plaintiff was not in his representative character, as executor in the right of his wife, Susan Thornton, but in his private capacity, then the nonsuit Is right; for it would have been in violation of the statute ; the slave would become free, and consequently there would be a total failure of the consideration of the note. The case of Sable v. Hitchcock, (2 Johns. Cas. 79.) decided, that the sale of a slave imported into this state since the passing of the act of the 22<l of February, 1788, in the course of administration, or by persons acting in outer droit, would not be within the act so as to subject the vendors to the penalty, or to emancipate the slave, if the sale was free from collusion.
In the present case, the facts show that the sale was not made by the plaintiff as executor of Thornton. Mrs. Thornton, with whom the plaintiff intermarried, was the legatee of all her former husband’s personal estate, and she was also ex-cculrix. Thornton died in 1806, and the negro in question was sold by the plaintiff in 1813; and it does not appear that Thornton owed any debts. Now, as Mrs. T. was legatee and executrix, it was competent to her to take as legatee. If the *238 legatee be executor, and says he will take according to the will, that amounts to an assent to take as legatee. (Com. Dig. Administration, (C. 6) 354. 1 Lev. 25. 3 Last, 120. Roper, 192.) So far does the sale of the slave appear to have been unnecessary in the administration of Thornton’s estate, that the note in question was disposed of to pay the plaintiffs private debt; add to this the device adopted to elude the provisions of the statute, by the plaintiffs confessing a sham judgment under which the slave was sold. The lapse of time, too, since Thornton’s death, precludes the idea that it was necessary to sell the slave to pay his debts. The acts of the plaintiff are decisive, that he did not sell the slave as executor, but in his private right, and as part of his property acquired by his intermarriage with Mrs. Thornton. The motion to set aside the nonsuit must be denied.
Motion denied.